**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| REBECCA CARDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| MARINER FINANCE LLC; and JOHN DOES 1-5 AND 6-10. | : | DOCKET NO: |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Rebecca Cardy, residing in in the County of Burlington, New Jersey, by way of Complaint against the defendants, says:

### Preliminary Statement

This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. sec. 201, et. seq. ("FSLA") and the New Jersey Wage and Hour Law ("NJWHL").

### Jurisdiction and Venue

Jurisdiction of the Court is invoked pursuant to 29 U.S.C. sec 216(b), 28 U.S.C. sec 1331 and 28 U.S.C. sec 1332.

Because plaintiff and defendants are residents of the District of New Jersey, venue is proper within the District pursuant to 28 U.S.C. sec 1391.

**Identification of Parties**

1. Plaintiff Rebecca Cardy resides in Willingboro, New Jersey, and at all pertinent times herein, was employed by defendants.

2. Defendant Mariner Finance LLC ("Mariner") is a corporation conducting business in the State of New Jersey at 2465 South Broad Street, Unit F-6, Hamilton Township, New Jersey 08610 and is an employer within the meaning of the FLSA and NJWHL.

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

**General Allegations**

4. Plaintiff began working as an Assistant Branch Manager for Defendant Mariner on or around October 15, 2018.

5. Plaintiff's rate of pay was $20.53 per hour.

6. Plaintiff was an hourly paid employee throughout the entirety of her employment.

7. Plaintiff consistently worked approximately 42 and a half hours per week.

8. Throughout Plaintiff's employment, she was forced to work through her lunch and was never provided any breaks.

9. Despite being unable to take any breaks, Plaintiff was told to write down 30 minutes of unpaid lunch on her timecard each day that she worked.

10. In response to this behavior, Branch Manager, Therese Barardo, exclaimed, "We are a walking lawsuit."

11. Upon information and belief, this is a common practice throughout other Mariner locations.

12. Due to Plaintiff's frustrations with not being paid for of the hours she worked, including overtime pay, Plaintiff left the position on or around March 27, 2019.

13. Defendants failed to pay overtime for hours worked by Plaintiff in excess of 40 per week.

14. Defendants failed to pay Plaintiff for hours worked, in violation of the New Jersey Wage Payment Law.

15. Defendant Mariner refused to pay overtime to Plaintiff in an amount equal to one and a half the regular hourly rate for all hours worked in excess of 40 per week.

16. As an hourly paid employee, Plaintiff cannot be deemed exempt from the overtime requirements of the FSLA or NJWHL.

17. Defendant's refusal to pay overtime mandates the imposition of liquidated damages.

## COUNT I

### FSLA Violation

18. Plaintiff hereby repeats and realleges paragraphs 1 through 17, as though fully set forth herein.

19. Plaintiff, during the course of her employment, regularly worked more than 40 hours in a work week.

20. Defendants failed to pay Plaintiff overtime compensation at one and one half times the regularly hourly rate for hours worked in excess of 40 in a work week.

21. Defendants by the above acts, have violated 29 U.S.C sec 207.

22.     Plaintiff has suffered monetary damages as a result of Defendants' acts.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

    a.     Declaring the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. sec. 255(a);

    b.     Enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C sec 217;

    c.     Directing Defendants' to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendants violation of the FSLA, together with interest thereon from the date(s) such wages were due but unpaid;

    d.     Directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. sec 216(b);

    e.     Awarding plaintiff the cost of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. sec 216(b);

    f.     Granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### NJWHL Violation

23.     Plaintiff hereby repeats and realleges paragraphs 1 through 22, as though fully set forth herein.

24.     Plaintiff, during the course of her employment, regularly worked more than 40 hours in a work week.

25.     Defendants failed to pay plaintiff overtime compensation for hours worked in excess of 40 in a work week.

26. Defendants, by the above acts have violated the New Jersey Wage and Hour Law.

27. Plaintiff has suffered monetary damages as a result of Defendants Acts.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment;

    a. Declaring the acts and practices complained of herein are in violation of the NJWHL;

    b. Directing Defendants to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendants violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

    c. Awarding Plaintiff the cost of this action together with reasonable attorneys' fees

    d. Granting other and further relief as this Court deems necessary and proper.

## COUNT III

### Request for Equitable Relief

28. Plaintiff hereby repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff requests the following equitable remedies and relief in this matter.

30. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

31. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

32. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

33. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

34. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

35. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

36. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

Dated: November 13, 2019

By: **/s/Kevin M. Costello**
**Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

                            **COSTELLO & MAINS, LLC**

                            **By:  /s/Kevin M. Costello_____**
                                   **Kevin M. Costello**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

                            **COSTELLO & MAINS, LLC**

                            **By:  /s/Kevin M. Costello_____**
                                     **Kevin M. Costello**

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By: **/s/Kevin M. Costello**
     Kevin M. Costello

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**


By: **/s/Kevin M. Costello**
     Kevin M. Costello